**PRIORITY SEND**
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  EDCV 15-01824-VAP (SPx)                    Date:  September 10, 2015

Title:  FEDERAL NATIONAL MORTGAGE ASSOCIATION -v- EDGAR A. MONGE, JR., ET AL
=================================================================
PRESENT:       HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Marva Dillard                                    None Present
    Courtroom Deputy                                 Court Reporter

ATTORNEYS PRESENT FOR                       ATTORNEYS PRESENT FOR
PLAINTIFFS:                                 DEFENDANTS:

    None                                             None

PROCEEDINGS:    MINUTE ORDER REMANDING ACTION TO THE CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF SAN BERNARDINO (IN CHAMBERS)

     On September 4, 2015, Plaintiff Federal National Mortgage Association ("Fannie Mae"), filed a Complaint in the California Superior Court for the County of Fontana for Unlawful Detainer against Defendants Edgar A. Monge, Jr., and Gina Regan Monge ("Defendants") in case number UDFS 1502102.  (See Not. of Removal (Doc. No. 1) Ex. A.)  On September 4, 2015, Defendants, appearing pro se, removed the action to this Court on the basis of federal question jurisdiction, asserting that Fannie Mae violated the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), 12 U.S.C. § 5201.  (See Not. of Removal at 2-3.)  For the following reasons, the Court REMANDS the action to the California Superior Court for the County of San Bernardino.

EDCV 15-01824-VAP (SPx)
FEDERAL NATIONAL MORTGAGE ASSOCIATION v. EDGAR A. MONGE, JR., ET AL
MINUTE ORDER of September 10, 2015

     Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

     Defendants argue that Fannie Mae's unlawful detainer action is based "upon a notice which expressly references and incorporates the 'Protecting Tenants at Foreclosure Act of 2009,' 12 U.S.C. § 5201."  (Not. of Removal at 2-3.)  Specifically, Defendants contend that Fannie Mae violated the PTFA by filing a state eviction proceeding before allowing 90 days to lapse.  (Id.)  Accordingly, Defendants contend that Fannie Mae's violation of federal law confers this Court with federal question jurisdiction.

     Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions "arising under" federal law.  From the face of the Complaint, however, Fannie Mae's only claim is for unlawful detainer, a California state law action.  See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (holding that a defendant may not remove a case to federal court unless the basis for federal jurisdiction is apparent on the face of the complaint).  Furthermore, as the Ninth Circuit has recently held, the PTFA "does not create a private right of action."  Logan v. U.S. Bank Nat'l Ass'n, 722 F.3d 1163, 1165 (9th Cir. 2013).  In other words, Fannie Mae is barred from suing Defendants under the PTFA.  Thus, the argument that Fannie Mae has stated a federal claim under the PTFA upon which this Court may exercise jurisdiction is without merit.  As "[a]n unlawful detainer action does not raise a question arising under federal law and so, once removed, must be remanded for lack of jurisdiction," the Court will remand this action.  See Cooper v. Washington

EDCV 15-01824-VAP (SPx)
FEDERAL NATIONAL MORTGAGE ASSOCIATION v. EDGAR A. MONGE, JR., ET AL
MINUTE ORDER of September 10, 2015

<u>Mut. Bank</u>, 2003 WL 1563999, at *2 (N.D. Cal. Mar. 19, 2003).

Accordingly, the Court REMANDS this matter to the California Superior Court for the County of San Bernardino.

**IT IS SO ORDERED.**